The Honorable Barbara J. Rothstein

# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF WASHINGTON
### AT SEATTLE

D.S.; D.Y. by and through his next friend
JULIE KELLOGG-MORTENSEN; H.A.
by and through his next friend KRISTEN
BISHOPP; and DISABILITY RIGHTS
WASHINGTON, a nonprofit membership
organization for the federally mandated
Protection and Advocacy Systems,

      Plaintiffs,

  v.

WASHINGTON STATE
DEPARTMENT OF CHILDREN,
YOUTH, AND FAMILIES; and ROSS
HUNTER, in his official capacity as
Secretary of the Washington State
Department of Children, Youth, and
Families,

      Defendants.

NO.  2:21-cv-00113-BJR

JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT AGREEMENT

JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT
NO.  2:21-CV-00113

## I.      INTRODUCTION

Plaintiffs and Defendants (together the "Parties"), respectfully request an order from the Court granting final approval of the Parties' Settlement Agreement. Kas Decl. Ex. A, ECF No. 93-1. The Court granted preliminary approval of the Parties' Settlement Agreement on June 24, 2022, finding its terms "fair, reasonable, and adequate for the Class." Ord. Granting Prelim. App. 2, ECF No. 97. The Court also approved the Parties' proposed Notice and Notice Plan, established a schedule for submitting comments to the Settlement Agreement, and set a date for the final approval hearing. *Id*. at 3-5. Preliminary approval was entered "pending the outcome of the final settlement approval hearing." *Id*. at 2.

In accordance with the Court's Order, the Parties have fully complied with the requirements of the Notice Plan and have submitted declarations to that effect to the Court. *See* Def.'s Report Re Compliance with Notice Plan, ECF No. 98; Walvatne Decl., ECF No. 99; Pls.' Decl. of Compliance With Notice Plan, ECF No. 100.

The Parties respectfully request that the Court grant final approval of the Settlement Agreement and issue an order that: A) expressly incorporates the terms of the Settlement Agreement; B) provides that the Court has and will retain jurisdiction over the judgment and order to enforce the Parties' compliance with the Settlement Agreement; and C) otherwise dismisses this action.

## II.     BRIEF OVERVIEW OF THE LITIGATION

This suit seeks to ensure that children with disabilities placed in the Washington State child welfare system receive the individualized services and supports necessary to allow them to return promptly and safely to their families and communities and avoid harmful temporary, emergency, or congregate placements. Compl. ¶¶ 5-6, ECF No. 1. To this end, the Named Plaintiffs, acting on behalf of a class of children with behavioral health and developmental disabilities in the custody of Washington State's child welfare system, and the non-profit organization, Disability Rights Washington ("DRW") (together "Plaintiffs"), filed suit against

JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT
NO. 2:21-CV-00113

1

Disability Rights Washington
315 5ᵗʰ Avenue South, Suite 850
Seattle, Washington 98104
Phone: (206) 324-1521 Fax: (206) 957-0729

1   the Washington State Department of Children, Youth, and Families ("DCYF") and its Secretary

2   Ross Hunter (together "Defendants"). *Id*.[1]

3   　　　The complaint alleged that Defendants have failed to develop an adequate array of

4   placement options and supportive services, instead relying on a patchwork of hotels, one-night

5   stays, government offices, and out-of-state placements to warehouse children with disabilities.

6   Compl. ¶ 6, ECF No. 1. Plaintiffs alleged that Defendants' failures violated the rights of the

7   Class under the United States Constitution, the Americans with Disabilities Act, 42 U.S.C. §

8   12131 *et seq*., Section 504 of the Rehabilitation Act, 29 U.S.C. § 794, and the Adoption

9   Assistance and Child Welfare Act, 42 U.S.C. §§ 621, 670 *et seq*. Plaintiffs sought declaratory

10  and injunctive relief. Compl. ¶¶ 107-28, ECF No. 1. Defendants denied liability for Plaintiffs'

11  claims. Def.'s Answer 13, ECF No. 23.

12  　　　Prior to filing this suit, Plaintiffs' counsel undertook a lengthy investigation of the claims

13  at issue in this case. Kas Decl. ¶ 3, ECF No. 93. Counsel visited foster youth placed in out-of-

14  state congregate settings, prepared a report raising concerns about these out-of-state facilities,

15  spoke with foster youth and stakeholders across the state, analyzed case files and other records,

16  and conducted additional legal and factual research. *Id*. Plaintiffs' counsel initially sought to

17  address the concerns about out-of-state placements through engaging with Defendants directly,

18  and the Parties engaged in negotiations for a year, from approximately September 2019 through

19  September 2020. *Id*. ¶ 4. After initial negotiations failed to resolve their concerns, Plaintiffs filed

20  their Complaint. *Id*.

21  　　　On June 29, 2021, the Court granted in part Plaintiffs' motion for a preliminary

22  injunction. Order Granting in Part Pls.' Mot. Prelim. Inj. 2, ECF No. 63. The preliminary

23  injunction: (1) restricted the keeping of children overnight in cars, (2) addressed the use of hotels,

24

25  [1] This case's litigation history and the Settlement Agreement are summarized in more detail in the Parties'
    preliminary approval motion and attached declarations. *See* ECF Joint Motion for Prelim. App. Class Action

26  Settlement, ECF No. 92; Kas Decl., ECF No. 93. To avoid duplication, the parties have included a more concise
    summary here.

JOINT MOTION FOR FINAL　　　　　　　　　　2　　　　　　　　Disability Rights Washington
APPROVAL OF CLASS ACTION　　　　　　　　　　　　　　　　315 5th Avenue South, Suite 850
SETTLEMENT　　　　　　　　　　　　　　　　　　　　　　Seattle, Washington 98104
NO. 2:21-CV-00113　　　　　　　　　　　　　　　　Phone: (206) 324-1521 Fax: (206) 957-0729

1    and government offices ("placement exceptions"), (3) required Defendants to develop a plan to

2    cease the use of hotel and office stays by November 1, 2021, and (4) directed additional detailed

3    requirements and procedural protections regarding DCYF's use of placement exceptions. *Id.* at

4    2-4.

5        In June 2021, the Parties reengaged in settlement negotiations. The Parties met virtually

6    for more than a dozen negotiation sessions over the course of a year, between June 15, 2021, and

7    June 2, 2022. Kas Decl. ¶ 8, ECF No. 93. These negotiation sessions benefitted from the

8    participation of a skilled mediator and subject matter expert, Kathleen Noonan. *Id.* ¶ 6. The

9    Parties continuously exchanged settlement drafts and communication over the course of these

10   negotiations. *Id.* ¶ 8.

11       The Parties concurrently continued their discovery efforts while engaging in mediation.

12   *Id.* ¶ 5. Plaintiffs have served multiple document requests, including two sets of interrogatories,

13   requests for production, and negotiated search terms for electronically stored information. *Id.* In

14   total, Defendants have produced more than 190,000 pages of documents. *Id.* Plaintiffs have also

15   taken the depositions of two DCYF employees. *Id.*

16       On September 22, 2021, the Court granted the Parties' stipulation to the certification of

17   a class, which defined the class as all individuals who are or in the future will be (a) under the

18   age of 18, (b) in DCYF's placement during a dependency proceeding, and (c) have experienced

19   five or more placements, excluding temporary placements, or have been referred for or are in

20   out-of-state group care placement, or have experienced a hotel or office stay in the past six

21   months, or are awaiting a Children's Long-Term Inpatient Program (CLIP) bed.[2] Stip. and Order

22   Regarding Definition of Class Action and Amend. Scheduling Order, ECF No. 77.

23       The Parties' protracted and extensive settlement mediation sessions have resulted in the

24   _____

25   [2] The Parties agreed to substitute this definition instead of the class definition included in the Complaint because it
     encompasses youth with behavioral and developmental disabilities who experience placement instability,
     exceptional placements, and out-of-state placements. Plaintiffs' counsel represent that this was the population the
26   Complaint was intended to reach. In addition, this definition addressed data limitations and ascertainability
     concerns.

JOIN MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT
NO. 2:21-CV-00113

3

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
Phone: (206) 324-1521 Fax: (206) 957-0729

1    Settlement Agreement now before the Court. The Settlement Agreement was executed by all

2    parties as of June 6, 2022. *See* Kas Decl. Ex. A, ECF No. 93-1. If this Court grants final approval

3    of the Settlement Agreement, it will resolve all claims brought by the Named Plaintiffs on behalf

4    of the certified class. The Settlement Agreement explicitly contemplates dismissal of the pending

5    claims and that the Court will retain jurisdiction for purposes of enforcing the terms of the

6    Settlement Agreement. *Id*. Plaintiffs filed a copy of the proposed Settlement Agreement with the

7    Court along with their motion for preliminary approval of the Agreement on June 6, 2022. *See*

8    Joint Motion for Prelim. App. Class Action Settlement, ECF No. 92; Kas Decl., ECF No. 93,

9    Kas Decl. Ex. A, ECF No. 93-1. On June 24, 2022, the Court granted Plaintiffs' motion and set

10   the final approval hearing for September 7, 2022. Ord. Granting Prelim. App. To Class Action

11   Settlement, ECF No. 97.

12       Only after reaching agreement on the merits of the settlement did the Parties engage in a

13   mediation session on June 21, 2022, regarding the amount of attorneys' fees and costs to be paid

14   to class counsel for work conducted on this litigation. The Parties have reached agreement, and

15   together with this motion are simultaneously filing a separate Unopposed Motion for Attorneys'

16   Fees and Costs.

17   **III.    SUMMARY OF THE SETTLEMENT AGREEMENT**

18       As explained in more detail in Plaintiffs' preliminary approval motion, the Parties'

19   Settlement Agreement addresses the issues raised in this action through a series of substantive

20   system improvements. *See* Joint Motion for Prelim. App. Class Action Settlement, ECF No. 92;

21   Kas Decl. Ex. A, ECF No. 93-1. First, the Settlement Agreement requires Defendants to establish

22   alternatives to out-of-state, hotel, office, and one-night foster care placements: including (1)

23   establishing an Emerging Adulthood Housing Program, which will provide opportunities for

24   youth ages sixteen to twenty-one who prefer to live in an independent setting, supported by 24/7

25   staffing and intensive case management; (2) developing a Professional Therapeutic Foster

26   Parenting Program, which will create a licensing category for therapeutic foster parent

JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT
NO. 2:21-CV-00113

4

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
Phone: (206) 324-1521 Fax: (206) 957-0729

professionals; and (3) establishing a statewide Hub Home Model to provide support for immediate, extended, and chosen families supporting eligible foster children and youth. Kas Decl. Ex. A ¶¶ 6-8, ECF No. 93-1. Each of these must be provided in a trauma-informed, culturally responsive, and LGBTIQA+ affirming manner. *Id.*

Second, the Settlement Agreement also requires Defendants to address other issues raised in this action, including (1) revising licensing standards for foster care placements to be more developmentally appropriate and meet the needs of individual youth; (2) establishing a statewide Kinship Engagement Unit, which will identify and engage Class members' extended family members and friends; (3) review Shared Planning Meeting and Family Team Decision Meeting policies and practices for possible amendment following stakeholder feedback to better support the child and family's preferences and decisions; (4) developing trauma-informed referral and transition protocols; and (5) creating a more comprehensive evaluation process to determine whether it is necessary and appropriate to place a child in a congregate care setting. *Id.* ¶¶ 9-13.

Finally, the Settlement Agreement requires Defendants to engage in specified implementation processes and procedures to ensure compliance with the terms of the Agreement. Defendants have agreed to hire a Stakeholder Facilitator who will collect input from key stakeholders regarding certain improvement practices required under the Settlement. *Id.* ¶ 21. In addition, the Parties agreed to appoint a Monitor to review Defendants' compliance with the Settlement Agreement. *Id.* ¶ 14. The Parties have agreed Kathleen Noonan will serve in this role. *Id.* Further, within 90 days of the final approval of the Settlement Agreement, Defendants will draft an Implementation Plan, describing how they will implement the requirements of the agreement. *Id.* ¶ 22. The Implementation Plan must include consideration of stakeholder feedback, be made publicly available, and must be submitted to Plaintiffs, the Monitor, and the Stakeholder Facilitator for comment before it is finalized. *Id.* ¶¶ 22-23.

Defendants' obligations terminate under the Settlement Agreement when Defendants fulfill the Settlement terms and meet specified Exit Criteria. *Id.* ¶ 36. This includes dedicating

JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT
NO. 2:21-CV-00113

5

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
Phone: (206) 324-1521 Fax: (206) 957-0729

1 | adequate resources to oversee and sustain the programs and policies provided for in the
2 | Settlement Agreement, including necessary contracting, recruitment, licensing, policies, training
3 | and quality control. *Id*. ¶¶ 37-39.

4 | **IV.   THE PARTIES HAVE PROVIDED NOTICE TO THE CLASS.**

5 | Before approving a settlement agreement under Rule 23(e), "the court must direct notice
6 | in a reasonable manner to all class members who would be bound by the proposal." Fed. R. Civ.
7 | P. 23(e)(1)(B). Here, the Court has approved the Notice and Notice Plan proposed by the Parties
8 | in its preliminary approval order, finding the Notice Plan was "reasonably calculated to provide
9 | adequate notice to Class members of the proposed Settlement Agreement" and met "the
10 | requirements of Federal Rule of Civil Procedure 23, due process, and applicable law." Ord.
11 | Granting Prelim. App. To Class Action Settlement 2-3, ECF No. 97.

12 | The Court-approved Notice explained what the lawsuit was about, stated who qualified
13 | as a Class member, summarized the topics addressed by the Settlement Agreement, and provided
14 | instructions on how individuals could obtain full copies of the Settlement Agreement. *See* Kas
15 | Decl. Ex. B, ECF No. 93-2; Ord. Granting Prelim. App. To Class Action Settlement, ECF No.
16 | 97. The Notice also advised recipients what to do if they had questions and described the
17 | procedures for providing comments in favor of or in objection to the Settlement Agreement. *Id*.
18 | Finally, the Notice specified the date, time, place, and manner of attendance for the fairness
19 | hearing set by the Court. *Id*.

20 | The Court-approved Notice Plan set out detailed steps the Parties would undertake to
21 | provide reasonable notice to members of the Class. *See* Kas Decl. Ex. C, ECF No. 93-3; Ord.
22 | Granting Prelim. App. To Class Action Settlement ECF No. 97. The Plan required DCYF to
23 | "translate the written Notice," and to "prominently post a copy of the Notice" both online and in
24 | DCYF offices. Ord. Granting Prelim. App. To Class Action Settlement 2-3, ECF No. 97. The
25 | Plan further required DCYF to "disseminate the Notice to the individuals and organizations"
26 | specified in detail in the Notice Plan, including Class members and their representatives. *Id*. In

JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT
NO. 2:21-CV-00113

6

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
Phone: (206) 324-1521 Fax: (206) 957-0729

addition, the Notice Plan required Plaintiffs to "[p]rominently post a copy of the Notice on their websites," "maintain a dedicated email address" and "toll-free number available to people with questions about the Settlement Agreement," and to "review the content of the proposed Settlement Agreement with any Class members and their families, and answer any questions they may have." *Id.*

As specified in the Notice Plan, and in accordance with the Court's order on preliminary approval, the Parties have certified compliance with these notice requirements. Def.'s Report Re Compliance with Notice Plan, ECF No. 98; Walvatne Decl., ECF No. 99; Pls.' Decl. of Compliance with Notice Plan, ECF No. 100. The notice requirements of Rule 23(e)(1)(B) have thus been met.

## V.      THE SETTLEMENT IS FAIR, REASONABLE, AND ADEQUATE AND SHOULD BE APPROVED.

Before approving a class action settlement, the court must find that the proposed agreement is "fair, reasonable, and adequate." Fed. R. Civ. P.  23(e)(2). The Court must consider whether: (A) "the class representatives and class counsel have adequately represented the class;" (B) "the proposal was negotiated at arm's length;" (C) "the relief provided for the class is adequate;" and (D) "the proposal treats class members equitably relative to each other." *Id.* There is a "strong judicial policy that favors settlement, particularly where complex class action litigation is concerned." *In re Syncor ERISA Litig. v. Cardinal Health, Inc.*, 516 F.3d 1095, 1101 (9th Cir. 2008), *see also Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).

The court's role in approving a negotiated settlement agreement is limited. The court should only intrude on "what is otherwise a private consensual agreement negotiated between the parties" "to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties" and to determine "whether the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Just. v. Civ. Serv. Comm'n of City & Cnty. of San Francisco*, 688 F.2d

JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT
NO. 2:21-CV-00113

7

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
Phone: (206) 324-1521 Fax: (206) 957-0729

615, 625 (9th Cir. 1982). This review process serves to protect the interests of class members not involved in constructing the settlement. *Davis v. City and Cnty. of San Francisco*, 890 F.2d 1438, 1445 n.4 (9th Cir. 1989).

The court may weigh a number of factors in assessing the adequacy of the settlement. These include, among others, the amount offered in the agreement, the extent of discovery completed, the likely duration of further litigation, and the experience and views of counsel. *Churchill Vill., L.L.C. v. Gen. Elec.*, 361 F.3d 566, 575 (9th Cir. 2004) (*citing Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1025 (9th Cir. 1998)). The factors the court considers and the weight of each factor will "vary depending on the unique circumstances of each case." *Officers for Just.*, 688 F.2d at 625; *see also Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1376 (9th Cir. 1993) (list of factors "not exclusive and different factors may predominate in different factual contexts"). However, "[a] presumption of fairness and adequacy attaches to a class action settlement reached in arm's-length negotiations by experienced class counsel after meaningful discovery." *Dunakin v. Quigley*, No. 2:14-CV-00567-JLR, 2017 WL 123011, at *2 (W.D. Wash. Jan. 10, 2017), *Officers for Just.*, 688 F.2d at 625. The Parties' Settlement Agreement meets these requirements.

**A. The Settlement Agreement Is the Result of Extensive Arm's-Length Negotiations after Significant Discovery.**

The Parties' Settlement Agreement is the result of extensive, informed, and non-collusive mediation sessions between the Parties. As the Court found in its preliminary approval order, "the Settlement Agreement resulted from arm's length negotiations" between the Parties, and there has been no "fraud, collusion, or overreaching." Ord. Granting Prelim. App. To Class Action Settlement 2, ECF No. 97; *see also* Fed. R. Civ. P. 23(e)(2).

As discussed above, the Parties reached a settlement only after nearly a year of intense mediation sessions. Kas Decl. ¶ 8, ECF No. 93. This has included over a dozen virtual mediation sessions with both lawyers and principals present, between June 15, 2021 and June 2, 2022, as

JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT NO. 2:21-CV-00113

8

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
Phone: (206) 324-1521 Fax: (206) 957-0729

1    well as an all-day in-person mediation on April 21, 2022. *Id*. These sessions were moderated by

2    a subject matter expert and experienced mediator, Kathleen Noonan, who provided an additional

3    layer of expertise in assisting the Parties to reach an agreement that adequately addressed the

4    concerns of the Class. *Id*. ¶ 6. Prior to the filing of this case, the Parties had already spent nearly

5    a year unsuccessfully attempting to reach a mediated agreement. *Id*. ¶ 4.

6         In addition, these mediation sessions were informed by significant formal and informal

7    discovery efforts, providing the Parties more than "sufficient information to make an informed

8    decision about settlement." *Linney v. Cellular Alaska P'ship*, 151 F.3d 1234, 1239 (9th Cir.

9    1998). Prior to filing this litigation, Plaintiffs' counsel undertook a lengthy investigation process,

10   gathering copious informal discovery, including meeting with foster youth and stakeholders

11   across the state, visiting congregate facilities, preparing a report, analyzing case files and other

12   records, and conducting legal and factual research and analysis regarding the violations at issue.

13   Kas Decl. ¶ 3, ECF No. 93.

14        After litigation commenced, Plaintiffs engaged in substantial additional discovery

15   efforts, including serving multiple interrogatories and requests for production, totaling more

16   than 190,000 pages of produced discovery. *Id.* ¶ 5. Plaintiffs have also taken two depositions of

17   DCYF employees. *Id.* In addition, over the course of litigation Plaintiffs have consulted with a

18   variety of subject matter experts and have continued to collect information from stakeholders

19   across the state. *Id*. These extensive investigation and discovery efforts have provided

20   Plaintiffs' counsel with a thorough understanding of the facts and law at issue, and have

21   allowed Plaintiffs' counsel to mediate a comprehensive and meaningful settlement. *Id*. ¶ 9.

22      **B.**   **The Class Representatives and Class Counsel Have Adequately Represented**

23            **the Class at Every Stage of the Case.**

24        In this case, "the class representatives and class counsel have adequately represented the

25   class" at every stage of the litigation. Fed. R. Civ. P. 23(e)(2). "Parties represented by competent

26   counsel are better positioned than courts to produce a settlement that fairly reflects each party's

JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT
NO. 2:21-CV-00113

9

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
Phone: (206) 324-1521 Fax: (206) 957-0729

expected outcome in litigation." *In re Pac. Ent. Sec. Litig.*, 47 F.3d 373, 378 (9th Cir. 1995). As this Court found in its preliminary approval, here "counsel has sufficient experience in similar litigation" to adequately ensure the interests of the Class have been met. Ord. Granting Prelim. App. To Class Action Settlement 2, ECF No. 97.

Plaintiffs' counsel in this case have extensive experience in complex civil litigation—including specifically litigating class actions on behalf of children in child welfare custody and individuals with disabilities—as well as negotiating and implementing settlements in such cases. Kas Decl. ¶ 9, ECF No. 93. Plaintiffs' counsel collectively have litigated, settled, and implemented numerous institutional reform cases on behalf of children in government systems. *See* Kas Decl. ¶ 9, ECF No. 93 (listing relevant cases). Defendants too are represented by attorneys with significant experience in complex civil and constitutional litigation and in settlement negotiations and mediation sessions.

Plaintiffs have "aggressively litigated" this case in the interest of the Class every step of the way. *Officers for Just.*, 688 F.2d at 627. Plaintiffs have labored over many years to investigate and bring this case, and spent an additional year mediating the final Settlement Agreement. Kas Decl. ¶ 9, ECF No. 93. At each stage of the litigation, Counsel have adequately represented the interests of the Class.

Where counsel is competent to represent the class, the "experience and views of counsel" are entitled to weight in determining whether a settlement agreement is fair, reasonable, and adequate. *Officers for Just.*, 688 F.2d at 625. Here, both parties, relying on their significant experience in complex civil and constitutional litigation and in representing children with disabilities, have determined that the Settlement Agreement is in the best interests of the Class.

**C. The Relief Provided to the Class Adequately Addresses the Allegations in Plaintiffs' Complaint and is in the Best Interest of the Class.**

The relief provided for the Class by the Settlement Agreement is substantial. The Settlement Agreement contains enforceable commitments by DCYF to redress each of the

JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT
NO. 2:21-CV-00113

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
Phone: (206) 324-1521 Fax: (206) 957-0729

1    concerns raised in Plaintiffs' Complaint and will yield significant benefits to Class members.

2    Plaintiffs Complaint alleges that, "foster children with behavioral health and

3    developmental disabilities are separated from their families because of Defendants' failure to

4    correct systemic deficiencies and maintain a system that ensures the provision of the services

5    and supports they need to remain or reunify with their families." Compl. ¶ 2, ECF No. 1. As a

6    result, "children are enduring extreme and dehumanizing placement instability that has them

7    cycling between temporary shelters, group homes, out-of-state facilities, one-night foster care

8    stays, hotel stays, and government offices." Compl. ¶ 2, ECF No. 1. The parties' Settlement

9    Agreement addresses the conditions alleged in Plaintiffs' Complaint.

10   As described above and in the Parties' motion for preliminary approval, DCYF has

11   agreed to provide the following trauma-informed, culturally responsive, and LGBTIQA+

12   affirming system improvements to better support children to live in their own communities or

13   with their own families, rather than out-of-state, hotel/office, and one-night foster care

14   placements:

15   - **Emerging Adulthood Housing Program:** DCYF has agreed to develop and implement

16        an array of supported housing programs statewide for sixteen- to twenty-year-old young

17        people in foster care or extended foster care who qualify for the program and would

18        prefer to live independently rather than in a family setting. (Kas Decl. Ex. A 8-10, ECF

19        93-1.)

20   - **Professional Therapeutic Foster Parenting:** DCYF has agreed to develop and

21        implement a contract and licensing category for therapeutic foster parent professionals

22        who are trained to care for children with developmental disabilities or behavioral health

23        needs and support reunification with families of origin. (*Id*. at 10-12.)

24   - **Statewide Hub Home Model Program**: DCYF has agreed to develop and implement a

25        statewide Hub Home Model (HHM) program for foster, extended, and chosen families

26        supporting foster children. (*Id*. at 12-14.)

JOIN MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT
NO. 2:21-CV-00113

11

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
Phone: (206) 324-1521 Fax: (206) 957-0729

1    In addition, DCYF has agreed to implement a series of practice improvements for the

2    benefit of children and their families. These include amending its licensing requirements for

3    foster care placements to be more developmentally appropriate and flexible to meet the needs of

4    individual youth; establishing a statewide Kinship Engagement Unit to identify and engage Class

5    members' extended family members and friends; developing referral and transition protocols;

6    reviewing DCYF's Shared Planning Meeting and Family Team Decision Meeting policies and

7    practices for possible revision following stakeholder feedback, including to elicit and value child

8    and family's preferences and decisions; and establishing a more comprehensive evaluation

9    process for determining whether it is appropriate and necessary to place a child in a group care

10   facility. *Id*. at 14-18.

11   Each of these system improvements improve the likelihood that the needs of the Class

12   are better met, that children are supported in appropriate placements, and that children are better

13   able to remain or reunify with their families.

14   As described above, the Settlement Agreement also establishes procedural safeguards to

15   oversee the implementation of the Agreement, including the development of an Implementation

16   Plan, the engagement of a qualified Stakeholder Facilitator to solicit stakeholder input regarding

17   improvement efforts, and the appointment of a Monitor who will review on an ongoing basis

18   data regarding DCYF's performance, and will submit annual public reports on DCYF's progress.

19   Finally, the Settlement Agreement provides criteria the Judge should consider when determining

20   whether DCYF has complied with the terms of the Settlement Agreement. *Id*. at 19-27.

21   In considering whether "the relief provided for the class is adequate," the Court must also

22   consider "the costs, risks, and delay of trial and appeal." Fed. R. Civ. P. 23(e)(2); *see also*

23   *Officers for Just.*, 688 F.2d at 625. Class actions place an enormous financial burden upon the

24   parties. Litigating this case through trial and any subsequent appeals would not only add further

25   risk and expense, but substantially delay potential relief to Class members. In light of these

26   considerations, the Parties' Settlement Agreement affords the Class substantial benefits that far

JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT
NO. 2:21-CV-00113

12

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
Phone: (206) 324-1521 Fax: (206) 957-0729

outweigh the costs, risks, and delay that would certainly result from trial and potential appeal on the merits.

**D.  The Proposed Settlement Treats Class Members Identically.**

Finally, the Parties' Settlement Agreement "treats class members equitably relative to each other." Fed. R. Civ. P. 23(e)(2)(D). The Settlement does not differentiate between Class members but rather requires DCYF to make policy and practice improvements that benefit all Class members. The Settlement Agreement thus treats all Class members identically.

**VI.    CONCLUSION**

As demonstrated above, the Parties' Settlement Agreement is fair, reasonable, and adequate, meets the requirements of Fed. R. Civ. P. 23(e)(2), and should be approved. The Parties request that, following the hearing on September 7, 2022, the Court grant final approval of the Settlement and enter an order that incorporates the terms of the Settlement Agreement, expressly retains jurisdiction to enforce its terms, and otherwise dismisses this action.

Dated: August 5, 2022

Respectfully submitted,

**DISABILITY RIGHTS WASHINGTON**

*/s/ Susan Kas*
Susan Kas, WSBA #36592
315 5th Ave South, Suite 850
Seattle, WA 98104
Tel. (206) 324-1521
Fax (206) 957-0729
Email: susank@dr-wa.org

**CARNEY GILLESPIE PLLP**

*/s/ Christopher Carney*
Christopher Carney, WSBA #30325
600 1st Ave, Suite LL08
Seattle, WA 98104

JOIN MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT
NO. 2:21-CV-00113

13

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
Phone: (206) 324-1521 Fax: (206) 957-0729

Tel. (206) 445-0212
Fax (206) 238-9987
Email: christopher.carney@carneygillespie.com

**NATIONAL CENTER FOR YOUTH LAW**

*/s/ Poonam Juneja*
Poonam Juneja, *admitted pro hac vice*
Freya Pitts, *admitted pro hac vice*
Jean Strout, *admitted pro hac vice*
1212 Broadway, Suite 600
Oakland, CA 94612
Tel. (510) 835-8098
Fax (510) 835-8099
Email: pjuneja@youthlaw.org

**CHILDREN'S RIGHTS**

*/s/ Leecia Welch*
Leecia Welch, WSBA #26590
2021 Fillmore Street
San Francisco, CA 94115
Tel. (415) 602-5202
Email: lwelch@childrensrights.org

**MUNGER, TOLLES & OLSON LLP**

*/s/ Laura Lin*
Laura Lin, *admitted pro hac vice*
560 Mission Street, 27th Floor
San Francisco, CA 94105
Tel. (415) 512-4034
Fax (415) 644-5934
Email: laura.lin@mto.com

Alex Gorin, WSBA No. 53538
350 S. Grand Ave., 50th Floor
Los Angeles, CA 90071-3426
Tel. (213) 683-9226
Fax (213) 683-4024
Email: Alex.Gorin@mto.com

**ATTORNEYS FOR PLAINTIFFS**

JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT
NO.  2:21-CV-00113

14

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
Phone: (206) 324-1521 Fax: (206) 957-0729

1
2

ROBERT W. FERGUSON
Attorney General

3

*/s/ Daniel J. Judge*
Daniel J. Judge, WSBA No. 17392

4

*Senior Counsel*
Marko L. Pavela, WSBA No. 49160

5

James M. Richardson III, WSBA No. 45095
*Assistant Attorneys General*

6
7

Office of the Attorney General
7141 Cleanwater Drive SW

8

PO Box 40124 Olympia, WA 98504-0124
Tel. (360) 586-6565

9

Fax (360) 586-6659
Email: Daniel.Judge@atg.wa.gov

10

Marko.Pavela@atg.wa.gov

11

James.RichardsonIII@atg.wa.gov

12

**ATTORNEYS FOR DEFENDANTS**

13
14
15
16
17
18
19
20
21
22
23
24
25
26

JOINT MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT
NO.  2:21-CV-00113

15

Disability Rights Washington
315 5th Avenue South, Suite 850
Seattle, Washington 98104
Phone: (206) 324-1521 Fax: (206) 957-0729