The Honorable Barbara J. Rothstein

1
2
3
4
5
6
7
8
9

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

D.S.; D.Y. by and through his next friend
JULIE KELLOGG-MORTENSEN; H.A.
by and through his next friend KRISTEN
BISHOPP; and DISABILITY RIGHTS
WASHINGTON, a nonprofit membership
organization for the federally mandated
Protection and Advocacy Systems,

                    Plaintiffs,

        v.

WASHINGTON STATE
DEPARTMENT OF CHILDREN,
YOUTH, AND FAMILIES; and ROSS
HUNTER, in his official capacity as
Secretary of the Washington State
Department of Children, Youth, and
Families,

                    Defendants.

No. 2:21-cv-00113-BJR

ORDER GRANTING JOINT
MOTION FOR FINAL
APPROVAL OF CLASS ACTION
SETTLEMENT AGREEMENT

        THIS MATTER having come before the Court on the parties' Joint Motion for Final

Approval of Class Settlement Agreement and having been duly considered, the Court makes the

following findings:

ORDER - 1

The Court has jurisdiction over the claims against all Defendants pursuant to 28 U.S.C. §§ 1331, 1343(a).  Venue is proper in the Western District of Washington pursuant to 28 U.S.C. § 1391(b).

The Court, in its June 24, 2022 Order, preliminarily approved the parties' proposed Settlement Agreement.  Dkt. 97.  The Court's Order further approved the parties' notice to class members regarding the proposed settlement (*see* Declaration of Susan Kas ("Kas Decl.," Dkt. 93-2), Ex. B), and the method for distributing the notice as described in the Notice Plan (*see* Kas Decl., Ex. C).  The Order also provided class members until August 12, 2022 to submit written objections.

The Court conducted a final approval hearing, via Zoom, on September 15, 2022.  Counsel for Plaintiffs and Defendants presented argument as to why the Settlement Agreement is fair, reasonable, and adequate and should be approved.  The Court also heard arguments from counsel for James and Shaylee Medicraft, who filed objections to the Settlement Agreement on behalf of their children.  *See* Dkt. 111.  The Medicrafts, while not objecting to the substance of the Settlement Agreement, argued that they did not receive individual notice; that the proposed settlement did not provide class members with an opt-out procedure; and that this case should proceed to trial in order to benefit class members with factual findings that would collaterally estop Defendants in subsequent individual litigations for damages.  *See id.*  Finally, the Court heard from several social work practitioners, and parents of children who had been in Defendants' custody, who expressed both satisfaction and concerns with the proposed Settlement Agreement.  The Court finds that class members and others affected by the proposed Settlement Agreement received adequate opportunity to object.

ORDER - 2

As stated on the record during the final approval hearing, the Court finds, as counsel for the Medicrafts conceded, that the Medicrafts are not class members and therefore have no standing to object to the proposed settlement.  *See* Fed. R. Civ. P. 23(e)(5)(A) ("[a]ny *class member* may object to the propos[ed] [settlement] if it requires court approval" (emphasis added)).  The Court also finds that the parties complied with the Notice Plan in all material respects, meeting the due process requirements of the United States Constitution and Rule 23(e) of the Federal Rules of Civil Procedure.  *See* Dkts. 98-100.  Given that the class in this case was certified under Rule 23(b)(2) (*see* Dkt. 77), individual notice to class members was not required.  *See* Fed. R. Civ. P. 23(c)(2)(A); *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 363 (2011) (recognizing that Rule 23(b)(2) "does not require that class members be given notice").  For the same reason, the proposed settlement was not required to provide class members with an opt-out procedure.  *See Wal-Mart Stores*, 564 U.S. at 362 (recognizing that Rule 23 "provides no opportunity for … (b)(2) class members to opt out").

The Court finds that the proposed Settlement Agreement (Dkt. 94-1) is fair, reasonable, adequate, and beneficial to class members in light of the relief Plaintiffs have obtained in settlement to achieve the goals of the litigation.  Further litigation would expose both sides to risk and expense, given the complexity of this lawsuit and the likely duration of litigation.  The Settlement Agreement is the result of arms' length negotiations, conducted with the assistance of a skilled neutral mediator and after thorough factual and legal investigation and discovery, and is not the product of fraud, collusion, or overreaching.  While the proposed settlement will not result in factual findings that could later be used in prosecuting individual lawsuits seeking damages, Plaintiffs, in this case, never sought damages, but instead pursued only injunctive relief of the sort contemplated by the Settlement Agreement.  No class member or interested party has raised

ORDER - 3

concerns that alter the underlying fairness, reasonableness, and adequacy of the Settlement Agreement.

The Court, having fully considered the matter and good cause appearing, hereby ORDERS:

1. The parties' Joint Motion for Final Approval of Class Action Settlement Agreement is GRANTED.  The Court finds and concludes that the settlement is fair, reasonable, and adequate.

2. The parties' Settlement Agreement and Order, attached as Exhibit A to the Declaration of Susan Kas in Support of Plaintiffs' Motion for Preliminary Approval (Dkt. 94-1) is APPROVED and incorporated herein.

3. The parties to the Settlement Agreement and Order shall perform all of their obligations thereunder.  The case is DISMISSED, but the Court shall retain jurisdiction over the matter to enforce the provisions of the Settlement Agreement and Order until Defendants' obligations terminate under paragraph 36 of the Agreement.

4. The Settlement Agreement and Order is binding on class members.  It settles all of Plaintiffs' claims for class-wide injunctive relief against Defendants that were asserted in the Complaint filed on January 28, 2021.

IT IS SO ORDERED.

Dated:  September 21, 2022

_____
Barbara Jacobs Rothstein
U.S. District Court Judge

ORDER - 4