The Honorable Barbara J. Rothstein

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| D.S.; D.Y. by and through his next friend JULIE KELLOGG-MORTENSEN; H.A. by and through his next friend KRISTEN BISHOPP; and DISABILITY RIGHTS WASHINGTON, a nonprofit membership organization for the federally mandated Protection and Advocacy Systems,<br><br>               Plaintiffs,<br><br>   v.<br><br>WASHINGTON STATE DEPARTMENT OF CHILDREN, YOUTH, AND FAMILIES; and ROSS HUNTER, in his official capacity as Secretary of the Washington State Department of Children, Youth, and Families,<br><br>               Defendants. | No. 2:21-cv-00113-BJR<br><br>ORDER GRANTING PLAINTIFFS' UNOPPOSED MOTION FOR ORDER APPROVING ATTORNEYS' FEES AND COSTS FOLLOWING MEDIATION |

THIS MATTER having come before the Court on Plaintiffs' Unopposed Motion for Order Approving Attorneys' Fees and Costs Following Mediation, and having been duly considered, the Court makes the following findings:

ORDER - 1

1. Plaintiffs filed this class action lawsuit on January 28, 2021, alleging that they and a class of foster children with disabilities were being harmed by Defendants' failure to correct systemic deficiencies in Washington State's child welfare system.  Plaintiffs sought declaratory and injunctive relief, alleging that Defendants' failures violate the rights of foster children with disabilities under the United States Constitution; Title II of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12131 *et seq.*; Section 504 of the Rehabilitation Act of 1973 ("Rehabilitation Act"), 29 U.S.C. § 794; and the Adoption Assistance and Child Welfare Act of 1980 ("AACWA"), 42 U.S.C. §§ 621 *et seq.*, 670 *et seq.*  Dkt. 1.

2. On June 29, 2021, the Court granted in part Plaintiffs' motion for a preliminary injunction, which required Defendants to address practices for children in "placement exceptions," including the use of hotel and government offices.  Dkt. 63.  Plaintiffs' counsel subsequently negotiated with Defendants to stipulate to the definition of a class, which was certified on September 22, 2021.  Dkt. 77.

3. On June 15, 2021, the parties began engaging in mediation.  Over the course of the next year, they met over a dozen times and continuously exchanged numerous written proposals and settlement drafts, while also engaging in discovery.  These efforts resulted in the Settlement Agreement, which was executed on June 6, 2022, and was granted preliminary approval by the Court on June 24, 2022.  Dkt. 97.  The Settlement Agreement provides for a comprehensive array of remedies to expand placement options and improve practices to better serve the complex and intersectional needs of the Class and their families.

4. The Settlement Agreement itself affirms "an agreement that attorneys' fees, costs, and expenses shall be paid to Plaintiffs' Counsel for the litigation, mediation, and post-settlement monitoring through the date Defendants' obligations under this Agreement terminate."  Dkt. 94-1

ORDER - 2

¶ 56.  After the parties negotiated and submitted their Settlement Agreement for preliminary approval, they mediated on June 21, 2022, and reached an agreement for Defendants to pay Plaintiffs $2,150,000.00 for their reasonable attorneys' fees and costs from case inception to the date this Court enters final approval on the Settlement Agreement.  Plaintiffs represent that their actual attorneys' fees and costs, after the exercise of billing judgment to remove any excess, redundant, or unreasonably duplicative time, and applying a lodestar, is at least approximately $2,601,434.30, and their expenses are $19,258.27 as of July 20, 2022.

5. Plaintiffs have filed an unopposed motion seeking approval of the mediated total amount of $2,150,000.00 attorneys' fees and costs.  They submit with their motion detailed time logs and declarations of Plaintiffs' counsel, documentation to support their billing rates, and records of necessary litigation expenditures.  The Court has reviewed these documents and the summary of the time spent in this litigation.  These fees and costs are for necessary time spent engaging in extensive pre-lawsuit negotiation and investigation; filing the complaint and obtaining a preliminary injunction and class certification; conducting wide-ranging discovery; and mediating extensively with the State of Washington toward the Settlement Agreement that requires implementation of child welfare reforms across the state.  The litigation costs and expenditures incurred by Plaintiffs' counsel were necessary and are also fully documented.

6. The Court has reviewed the hourly rates of the attorneys and paralegals that recorded time in this litigation, which the Court finds to be in line with the hourly rates charged in the Seattle market for reasonably comparable work performed by attorneys of reasonably similar skill, experience, and reputation.

7. Plaintiffs are the prevailing party and are entitled to their reasonable attorneys' fees and costs under 42 U.S.C. § 1988.  Plaintiffs represent the amount of time expended, hourly rates

ORDER - 3

requested, and reasonable costs for the covered period results in a potential lodestar of $2,620,692,57. The $2,150,000.000 agreed fee award thus represents approximately an 18% reduction in the lodestar and costs that might otherwise be recoverable by Plaintiffs' counsel. Given the scope and complexity of this litigation, the amount of time expended and documented in the course of representing Plaintiffs in this matter, the discovery undertaken by Plaintiffs, the hourly rates Plaintiffs' counsel have requested, the costs Plaintiffs' counsel have incurred and documented, and the favorable results achieved, the Court finds that the stipulated $2,150,000.00 attorneys' fees and costs award is fair and reasonable in this matter.

8. As indicated on the Notice of Proposed Class Action Settlement, which was distributed to the Class in accordance with the approved Notice Plan (*see* Dkts. 97-100), Plaintiffs have posted their Unopposed Motion for Approval of Attorneys' Fees and Costs on the Disability Rights Washington website at https://www.disabilityrightswa.org/cases/d-s-v-washington-state-department-of-children-youth-and-families and the National Center for Youth Law website at https://youthlaw.org/settlement-ds-v-washington-state-dcyf. Notice has been directed to class members in a reasonable manner pursuant to Fed. R. Civ. P. 23(h).

9. On August 12, 2022, James and Shaylee Medicraft filed objections to the Settlement Agreement on behalf of their children. Dkt. 111.[1] Their objections point to certain signs of collusion between class counsel and defendants in reaching a settlement agreement, laid out in *In re Bluetooth Headset Product Liability Litigation*, 654 F.3d 935 (9th Cir. 2011), that the Medicrafts suggest are present in this case. Specifically, according to the Medicrafts, (1) "the class

---

[1] As counsel for the Medicrafts conceded during the final approval hearing held before the Court on September 15, 2022, the Medicrafts are not class members and thus have no standing to object to the proposed settlement. *See* Fed. R. Civ. P. 23(e)(5)(A) ("[a]ny *class member* may object to the propos[ed] [settlement] if it requires court approval" (emphasis added)).

ORDER - 4

receive[d] no monetary distribution but class counsel are amply rewarded"; (2) "the parties negotiate[d] a 'clear sailing' arrangement providing for the payment of attorneys' fees separate and apart from class funds"; and (3) "the parties arrange[d] for fees not awarded to revert to defendants rather than be added to the class fund." *Id.* at 947. The Court finds that none of these *Bluetooth* factors are present or otherwise suggest collusion here. As to the first *Bluetooth* factor, Plaintiffs' lawsuit never sought damages, but instead pursued only injunctive relief of the sort contemplated by the Settlement Agreement. As to the second factor, the Settlement Agreement contained no agreed amount for attorneys' fees that Defendants promised not to challenge. Rather, as noted above, negotiations as to attorneys' fees did not begin until the Settlement Agreement was already signed, and the Agreement contemplated a contested motion if the parties could not reach consensus on the amount of fees. Finally, the third *Bluetooth* factor concerning a "reverter" clause does not apply to a settlement, as here, for injunctive relief. *See Campbell v. Facebook, Inc.*, 951 F.3d 1106, 1127 (9th Cir. 2020) ("An injunctive-relief-only class settlement, by definition, has no fund into which any fees not awarded by the court could possibly revert."). For the above reasons, the Court finds that the Medicrafts' objections to Plaintiffs' attorneys' fees lack merit.

10. Absent any meritorious objection to the stipulated $2,150,000.00 attorneys' fees and costs award, and finding it to be fair and reasonable in this matter, the Court approves the award.

Now, therefore, the Court hereby ORDERS that, pursuant to Rule 23(h) of the Federal Rules of Civil Procedure and 42 U.S.C. § 1988, Plaintiffs' Unopposed Motion for Order Approving Attorneys' Fees and Costs Following Mediation is GRANTED and the parties' agreed upon attorneys' fees and costs award of $2,150,000.00 to Plaintiffs is approved. In accordance

ORDER - 5

with their agreement, Defendants shall pay $2,150,000.00 to Plaintiffs' counsel within thirty (30) days following the entry of this Order.

IT IS SO ORDERED.

Dated: September 21, 2022

*Barbara J. Rothstein*

Barbara Jacobs Rothstein
U.S. District Court Judge